UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
:
HOWARD S. ROSENTHAL a/k/a HOWARD S. ROSE :
and ROBERT MORRIS,                   :
                                     :   COMPLAINT
              Plaintiffs,            :
                                     :   Docket No.
      -against-                      :   07 CIV 6228
                                     :
ROBERT M. DUFF,                      :   Judge Berman
                                     :
              Defendant.             :
------------------------------------X



Plaintiffs, Howard S. Rosenthal a/k/a Howard S. Rose and Robert Morris, by their attorneys, Herrick, Feinstein LLP, for their complaint against defendant, Robert M. Duff, allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Jurisdiction of this Court is based on diversity of citizenship under 28 U.S.C. § 1332 in that, as set forth below, the parties are citizens of diverse states and the amount in controversy exceeds $75,000, exclusive of costs and interest. Venue is proper in this Court because the principal place of business of the partnership of which plaintiffs and defendant were partners, and that is at issue in this action, is New York, New York.

2.      Plaintiff Howard S. Rosenthal a/k/a Howard S. Rose ("HR"), an individual, is a resident of New Jersey, and is domiciled at 57 Hickory Street, Englewood Cliffs, New Jersey, 07632.

3.      Plaintiff Robert Morris ("RM"), an individual, is a resident of New Mexico, and is domiciled at 114 Candelario Street, Santa Fe, New Mexico, 87501.

4. On information and belief, defendant Robert M. Duff ("RD"), an individual, is a resident of Florida, and is domiciled at 1000 N.E. 3rd Ave., Boca Raton, Florida, 33432.

## AS AND FOR A FIRST CAUSE OF ACTION

5. On April 17, 2006, HR, RM and RD entered into a written agreement establishing a partnership ("the partnership"), the purpose of the partnership being limited to the purchase and disposition of a collection of art ("the Collection"), comprised primarily of pre-Columbian art, from the widow of Jean-Eugene Lions, an art collector located in Geneva, Switzerland. A copy of the partnership agreement ("the Agreement") is annexed hereto as Exhibit A.

6. The Agreement provides that the principal address of the partnership for all legal correspondence shall be c/o Arte Primitivo Gallery, 3 East 65th Street, New York, New York, 10021. Arte Primitivo, an art gallery that offers art for auction and sale, is owned and operated by Howard S. Rose Gallery, Inc.; Howard S. Rose Gallery, Inc. is owned and operated by HR.

7. As noted in the Agreement, the Collection was officially sold to RD and HR, with RD being the sole signer, having power of attorney to sign for HR, in May 2005. The Agreement states that it was understood and agreed that the Collection was owned equally between RD, RM and HR, and that RD, RM and HR had contributed equally in monies paid for the initial down payment of the Collection.

8. The Agreement further specifies that RD, RM and HR agreed that all profits, losses and agreed upon, related expenses are to be shared equally between the three partners and that all three shall be bound by the terms and conditions set forth in the original purchase agreement, signed in Geneva, Switzerland in May 2005. A copy of the original purchase agreement is annexed hereto as Exhibit B.

2

9. The Agreement further specifies that the term of the partnership between RD, RM and HR is unlimited, unless dissolved by operation of law, but that upon the sale, settlement and disbursement of funds for the final balance of goods in the Collection, the Agreement will terminate.

10. Subsequent to the execution of the Agreement, the partnership sold a portion of the Collection, and the proceeds of the sale were divided between RD, RM and HR as is specified by the Agreement. The proceeds of the sale were sufficient to cover all of RD, RM and HRs' initial investment in the Collection.

11. A substantial percentage of the remainder of the Collection is currently held in a warehouse in Switzerland ("the Swiss warehouse pieces"). RM and HR would like to sell the Swiss warehouse pieces, as is anticipated by the Agreement. However, RD has deliberately prevented the Swiss warehouse pieces from being sold by ordering the shipper that was contacted by the partnership to refrain from shipping the Swiss warehouse pieces until such time as RD tells him to do so.

12. Another sizable portion of the remainder of the Collection is currently located in Boca Raton, Florida, where it is under RD's control ("the Boca pieces"). The Boca pieces came under RD's control at RD's insistence, and over RM and HRs' objections. The partnership has agreed, in principle, to sell the Boca pieces to an art museum located in Houston, Texas ("the Houston museum"). Subsequent to RD's receipt of the Boca pieces, and after the agreement in principal for the sale to the Houston museum was reached, RD unilaterally insisted that he be the sole recipient of any money obtained from the sale to the Houston museum. RD's actions have jeopardized, if not ruined, the proposed sale to the Houston museum.

HF 3667455v.3 #12305/0003 07/02/2007 03:37 PM

13. RD has refused to communicate with RM and HR with regard to the Boca pieces, and has informed RM and HR that he will not allow the Swiss warehouse pieces to be shipped unless and until RM and HR pay him an exorbitant sum of money. The sum of money that RD has demanded from RM and HR is several times the amount of RD's interest in the remainder of the Collection, including, but not limited to, the following:

    a) the Swiss warehouse pieces;

    b) the Boca pieces;

    c) numerous pieces of art currently housed in a warehouse in Santa Fe, New Mexico, for which the partnership has commissioned restoration work, at considerable expense to the partnership;

    d) a gold mask valued by RD at $300,000; and

    f) a gold belt rattle valued by RD at $45,000.

14. By making the demands and asserting the positions described above, RD has breached the partnership agreement, which specifies that all profits, losses and agreed upon, related expenses are to be shared equally between the three partners. Were RM and HR to agree to RD's demands, RD would be the sole recipient of the overwhelming majority of the profits generated through the sale of the remainder of the collection, at RM and HSRs' expense.

15. RD's demands and behavior regarding the Swiss warehouse pieces and the Boca pieces are in direct contradiction to the purpose of the Agreement, which provides that RD, RM and HR are to equally divide all expenses and profits derived from the sale of the Collection.

16. Because RD is a partner to RM and HR pursuant to the Agreement, RD owes fiduciary obligations to RM and HR. RD has violated his fiduciary obligations toward RM and HR by demanding that RM and HR pay him a sum of money far in excess of the share to which

he is entitled under the Agreement. By making these demands, RD seeks a windfall at RM and HRs' expense.

17. Plaintiffs' have no adequate remedy at law.

18. Plaintiff's demand a trial by jury.

**WHEREFORE**, plaintiffs pray for judgment against the defendant, that the partnership be dissolved and an account taken of all of the partnership transactions and of the moneys received and paid by plaintiffs and defendant respectively, in relation thereto and of the property thereof; that the property of the partnership be sold and its debts and liabilities be paid off, and the surplus, if any, be divided between plaintiffs and defendant, according to their respective interests; that a receiver of the property rights of the partnership be appointed, with power to dissolve the same and to collect all debts for the benefit of all parties entitled thereto; that an accounting be had of the affairs of the partnership; that in the meantime, defendant be ordered to ship the Boca pieces to either Santa Fe or New York City, that defendant be ordered to consent to the shipment of the Swiss warehouse pieces to either Santa Fe or New York City, and that defendant be enjoined from the disposing of the partnership credits, debts or moneys, or receiving moneys or other property or effects of the partnership or from entering into any new transactions in the name of or in the behalf of the partnership or of the parties; and that plaintiffs have such further, other and different relief as to this Court may seem just and proper under the

circumstances, together with the costs of this action.

Dated: July 2, 2007

                                               HERRICK, FEINSTEIN LLP

                                      By: _____
                                               David L. Fox
                                               Brian L. Greben
                                             *Attorneys for Plaintiffs*
                                             2 Park Avenue
                                             New York, NY 10016
                                             (212) 592-1400

HF 3667455v.3 #12305/0003 07/02/2007 03:37 PM

RECYCLED

Exhibit A

06/01/2007 11:20 FAX  12125701899        ARTE_PRIMITIVO                    ☒002/002

# *ARTE PRIMITIVO*

Howard S. Rose Gallery
3 East 65th Street
Suite #2
New York, N.Y. 10021
212 570-6999   Fax 212 570-1899
e-mail hrose@arteprimitivo.com
www.arteprimitivo.com

April 17, 2006

1. This agreement shall define a partnership made between Robert M. Duff, 1000 N.E. 3rd Ave. Boca Raton, FL. 33432, hereafter referred to as RMD; Robert Morris, 114 Candelario St., Santa Fe, NM 87501, hereafter referred to as RM; and Howard S. Rosenthal, A/K/A Howard S. Rose, 57 Hickory St. Englewood Cliffs, NJ 07632, hereafter referred to as HSR, limited to the purchase and disposition of mostly, but not limited to Pre-Columbian Art, from the collection of Jean-Eugene Lions, purchased in Geneva, Switzerland in May 2005, hereafter referred to as "The Collection".

2. Whereas "The Collection" was officially sold to RMD and HSR, with RMD being the sole signer, having power of attorney to sign for HSR, it is fully understood and agreed that the collection is owned equally between RMD, RM and HSR, all parties having contributed equally in monies paid for the initial down payment of the collection.

3. RMD, RM and HSR hereby agree that all profits, losses and agreed upon, related expenses are to be shared equally between the three partners and that all three shall be bound by the terms and conditions set forth in the original purchase agreement, signed in Geneva, Switzerland in May 2005.

4. RMD, RM and HSR hereby agree that in the event of the demise or disablement of any of the three partners, that partner's share of the profits, losses and agreed upon, related expenses shall be transferred to his surviving beneficiary, however, that beneficiary shall not be required to actively participate in the disposition of the material or the transferal of material from the storage facility in The Port Franc, Geneva, Switzerland. It is also agreed that voting rights on procedure, disposition and handling of the remainder of "The Collection" shall then fall solely on the surviving, original partners.

5. The term of this partnership is unlimited, unless disolved by operation of law, however, upon the sale, settlement and disbursement of funds for the final balance of goods in "The Collection", this agreement shall terminate.

6. The principal address of the partnership for all legal correspondence shall be
C/O Arte Primitivo Gallery
3 East 65th St.
New York, NY. 10021.

7. HSR shall act as treasurer of the partnership and shall be responsible for disbursement of funds as deemed necessary by unanimous vote of the three partners.

_____  _____  _____ 4/18/06
Robert M. Duff  date    Robert Morris  date    Howard S. Rosenthal  date

EXHIBIT A

PAGE 2/2 * RCVD AT 6/1/2007 11:20:13 AM [Eastern Daylight Time] * SVR:NYFX01/1 * DNIS:3479 * CSID:12125701899 * DURATION (mm-ss):01-16

RECYCLED

Exhibit B

PURCHASE CONTRACT

Mrs Micheline LIONS, 454 aptd 1903, Almirante Guillem, LEBLON 22440030, RIO DE JANEIRO (Brazil)

(hereafter : The Seller)

And

Robert DUFF, Robert MORRIS, Howard ROSE and Kenneth KLASSEN, jointly and separately liable obligors, (address),

(hereafter : The Partnership),

Represented by Robert DUFF, following attached power of attorney of the _____ (date)

1. This document shall be a legal and binding contract between Mrs. Micheline Lions, hereafter known as _The Seller_ and Robert Duff, Robert Morris, Howard Rose and Kenneth Klassen, hereafter known as _The Partnership_, jointly and separately liable obligors and sets forth conditions for the sale and purchase of a Pre-Columbian Artifact collection, consisting of the items photographed and described in _Catalogue Inventaire de la Collection Jean-Eugene Lions  D_Objets Precolombiens comprenant mille sept cent douze numeros d_inventaire_, compiled by Daniel Georges Schoepf, as well as a small collection of related items of Peruvian and Brazilian origin plus a small group of books on Pre-Columbian Art, not mentioned in the inventory, also including the gold mask number 1010 on the inventory  and excluding the items on a previously presented list, additionally excluding the gold mask, item 1011, the entire contents hereinafter to be known as _The Collection_.

    (To be detailed after Robert DUFF'S visit)

2. _The Seller_ warrants and guarantees that _The Collection_ is her property, that she is the sole owner, heir and inheriting beneficiary of _The Collection_ and is legally entitled to enter into this agreement. _The Seller_ also warrants and guarantees that _The collection_ is free of any and all liens or encumbrances that might hinder the sale of _The Collection_.

3. _The Seller_ has represented that _The Collection_ had been legally acquired and legally imported to its current location at The Port Franc, Geneva, Switzerland and has further represented that the collection of precolumbian items was acquired by her late husband, Jean-Eugène Lions, during their residencies in Peru (1951-1980) and Brazil (1981 until the early nineties). The collection has been located at the Port Franc in Geneva, Switzerland, since the early eighties and has been examined by the Seller at numerous occasions.

4. Micheline Lions, as sole owner of _The Collection_ has agreed to the sale of _The Collection_ to _The Partnership_ for the sum of US$ 900,000.00 (Nine hundred thousand US$ dollars), and _The Partnership_ has agreed to purchase _The Collection_ from Micheline Lions for the sum of US$ 900,000.00 (Nine hundred thousand US$ dollars).

5. _The Seller_ has agreed to accept payments in three equal instalments of US$ 300,000.00 (three hundred thousand US dollars) and _The Partnership_ has agreed to make payments in three equal instalments of US$ 300,000.00.

    Instalment payments are due and payable on or before the following dates:

PAGE 2/4 * RCVD AT 6/1/2007 11:44:05 AM [Eastern Daylight Time] * SVR:NYFX01/6 * DNIS:3479 * CSID:12125701899 * DURATION (mm-ss):01-30

- 2 -

- Completion of and signing of the contract for the purchase of _The Collection_.

- On or before April 1st, 2006.

- On or before the latter of October 1st, 2006 or one year from the completion and signing of the contract.

6. _The Partnership_ has agreed to purchase _The Collection_ on an _as is_ basis and any disputes of authenticity, degree of repair or restoration, or quality shall not be reason or cause for breach of this contract. The identity of the items and the history of the Collection are fully accepted by the Partnership.

7. Upon receipt of the first payment of US$ 300,000.00 into the following account:

   UBS Fribourg
   260-361509.60 L
   Clearing 260
   CCP 80-2-2

   _The Seller_ agrees to pass clear and complete title of _the Collection_ to _The Partnership_, with all attached risks and liabilities. It is agreed, by _The Partnership_, that a minimum of US$ 300,000.00 value of goods their property, or more, must remain in the storage facility at the Port Franc, Geneva, Switzerland, until the final balance has been received and the total purchase price of US$ 900,000.00 is paid in full. Both parties agree to appoint Leo Saladin of Arts-Franc S.A., Geneva, Switzerland as arbitrator of the US$ 300,000.00 value. The Partnership instates a lien on the abovementioned goods in favour of the Seller, until full payment. The Partnership will contract an insurance policy covering the goods to an amount of US$ 600'000 for third party liability, fire, flooding and all damages and theft relating to the Collection, with the Seller as exclusive beneficiary.

8. Upon receipt of the first instalment of US$ 300,000.00, _The Seller_ agrees to relinquish to _The Partnership_ or its appointed agents, all keys to the storage facility located at The Port Franc, Geneva, Switzerland, now housing _The Collection_ and _The Partnership_ agrees to assume all leases, rental fees and contractual responsibilities for the storage facility at The Port Franc, Geneva, Switzerland, now housing _The Collection_.

9. _The Seller_ and _The Partnership_ hereby agree that any litigation or disputes of this contract shall be governed by the laws of Geneva, Switzerland and shall be submitted to the competent Swiss courts.

06/01/2007 11:45 FAX  1212570          ARTE_PRIMITIVO                     ☒004/004

10. _The Seller_ agrees to grant permission to _The Partnership_ to use and disclose the name of Jean-Eugene Lions to clarify questions and disputes of legality and provenance of _The Collection_, including but not limited to publication in auction or exhibition catalogues.

Signed in 6 copies, in Geneva, the _____ July 2005.

| The Seller | The Partnership |
|---|---|
| Mrs Micheline LIONS | Mr Robert DUFF |

Attachment

Power of attorney by the Partnership for Mr Robert DUFF of _____

PAGE 4/4 * RCVD AT 6/1/2007 11:44:05 AM [Eastern Daylight Time] * SVR:NYFX01/6 * DNIS:3479 * CSID:12125701899 * DURATION (mm-ss):01-30

- 4 -

PAGE 1/4 * RCVD AT 6/1/2007 11:46:05 AM [Eastern Daylight Time] * SVR:NYFX01/7 * DNIS:3479 * CSID:12125701899 * DURATION (mm-ss):01-36

DRAFT 2/1.07.2005

PURCHASE CONTRACT

Mrs Micheline LIONS, 454 apto 1903, Almirante Guilhem, Leblon 22440-030, RIO DE JANEIRO (Brazil)

(hereafter : The Seller)

And

Robert DUFF, Robert MORRIS, Howard ROSE and Kenneth KLASSEN, jointly and separately liable obligors, c/o Arte Primitivo Gallery, 5 East 65th St., Suite 2, New York, NY 10021, USA

(hereafter : The Partnership),

Represented by Robert DUFF, following attached powers of attorney

06/01/2007 11:46 FAX 12125701899   ARTE_PRIMITIVO   @001/004

1. This document shall be a legal and binding contract between Mrs. Micheline Lions, hereafter known as _The Seller_ and Robert Duff, Robert Morris, Howard Rose and Kenneth Klassen, hereafter known as _The Partnership_, jointly and separately liable obligors and sets forth conditions for the sale and purchase of a Pre-Columbian Artifact collection, consisting of the items photographed and described in _Catalogue Inventaire de la Collection Jean-Eugene Lions D_Objets Precolombiens comprenant mille sept cent douze numeros d_inventaire_, compiled by Daniel Georges Schoepf, as well as a small collection of related items of Peruvian and Brazilian origin plus a small group of books on Pre-Columbian Art, not mentioned in the inventory, also including the gold mask number 1010 on the inventory and excluding the items on a previously presented list, additionally excluding the gold mask, item 1011, the entire contents hereinafter to be known as _The Collection_.

   (To be completed and amended after Robert DUFF'S visit, taking into account that a number of catalogue items were sold or put out on commission before Jean Lions passed away, as has been discussed in the prior exchange of emails)

2. _The Seller_ warrants and guarantees that _The Collection_ is her property, that she is the sole owner, heir and inheriting beneficiary of _The Collection_ and is legally entitled to enter into this agreement. _The Seller_ also warrants and guarantees that _The collection_ is free of any and all liens or encumbrances that might hinder the sale of _The Collection_.

3. _The Seller_ has represented that _The Collection_ had been legally acquired and legally imported to its current location at The Port Franc, Geneva, Switzerland and has further represented that the collection of precolumbian items was acquired by her late husband, Jean-Eugène Lions, during their residencies in Peru (1951-1980) and Brazil (1981 until the early nineties). The collection has been located at the Port Franc in Geneva, Switzerland, since the early eighties and has been examined by the Seller at numerous occasions.

4. Micheline Lions, as sole owner of _The Collection_ has agreed to the sale of _The Collection_ to _The Partnership_ for the sum of US$ 900,000.00 (Nine hundred thousand US$ dollars), and _The Partnership_ has agreed to purchase _The Collection_ from Micheline Lions for the sum of US$ 900,000.00 (Nine hundred thousand US$ dollars).

5. _The Seller_ has agreed to accept payments in three equal instalments of US$ 300,000.00 (three hundred thousand US dollars) and _The Partnership_ has agreed to make payments in three equal instalments of US$ 300,000.00.

Instalment payments are due and payable on or before the following dates:

- Completion of and signing of the contract for the purchase of _The Collection_.
- On or before April 1st, 2006.
- On or before the latter of October 1st, 2006 or one year from the completion and signing of the contract.

6. _The Partnership_ has agreed to purchase _The Collection_ on an _as is_ basis and any disputes of authenticity, degree of repair or restoration, or quality shall not be reason or cause for breach of this contract. The identity of the items and the history of the Collection are fully accepted by the Partnership.

7. Upon receipt of the first payment of US$ 300,000.00 into the following account:

   UBS SA, PO BOX, 1701 FRIBOURG
   Clearing 0260
   Swift UBS WCHZH 80 A
   Micheline LIONS
   Account no. 260-361509.60 L

   _The Seller_ agrees to pass clear and complete title of _the Collection_ to _The Partnership_, with all attached risks and liabilities. It is agreed, by _The Partnership_, that a minimum of US$ 300,000.00 value of goods their property, or more, must remain in the storage facility at the Port Franc, Geneva, Switzerland, until the final balance has been received and the total purchase price of US$ 900,000.00 is paid in full. Both parties agree to appoint Leo Saladin of Arts-Franc S.A., Geneva, Switzerland as arbitrator of the US$ 300,000.00 value. The Partnership instates a lien on the abovementioned goods in favour of the Seller, until full payment. The Partnership will contract an insurance policy covering the goods to an amount of US$ 600'000 for third party liability, fire, flooding and all damages and theft relating to the Collection, with the Seller as exclusive beneficiary.

8. Upon receipt of the first instalment of US$ 300,000.00, _The Seller_ agrees to relinquish to _The Partnership_ or its appointed agents, all keys to the storage facility located at The Port Franc, Geneva, Switzerland, now housing _The Collection_ and _The Partnership_ agrees to assume all leases, rental fees and contractual responsibilities for the storage facility at The Port Franc, Geneva, Switzerland, now housing _The Collection_.

9. _The Seller_ and _The Partnership_ hereby agree that any litigation or disputes of this contract shall be governed by the laws of Geneva and Switzerland and

- 3 -

PAGE 4/4 * RCVD AT 6/1/2007 11:46:05 AM [Eastern Daylight Time] * SVR:NYFX01/1 * DNIS:3479 * CSID:12125701899 * DURATION (mm-ss):01-36

shall be submitted to the competent civil courts of the Republic and Canton of Geneva and, on federal appeal, the Swiss Federal Tribunal.

10. _The Seller_ agrees to grant permission to _The Partnership_ to use and disclose the name of Jean-Eugene Lions to clarify questions and disputes of legality and provenance of _The Collection_, including but not limited to publication in auction or exhibition catalogues.

Signed in 6 copies, in Geneva, the _____ July 2005.

The Seller                                                                  The Partnership

Mrs Micheline LIONS                                                 Mr Robert DUFF

Attachment

Powers of attorney from the members of the Partnership for Mr Robert DUFF

- 4 -

06/01/2007 11:47 FAX 12125701899    ARTE-PRIMITIVO    ☒004/004